## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MICHAEL SMITH | * | CIVIL ACTION NO.: |
| Plaintiff | * | |
| versus | * | JUDGE: |
| PBC MANAGEMENT, INC | * | |
| Defendant | * | MAGISTRATE JUDGE: |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

NOW COMES Plaintiff, MICHAEL SMITH, a resident and citizen of the State of Louisiana, with respect represents, upon information and belief as follows:

I.

Jurisdiction is proper before this Court based upon the Jones Act, 46 U.S.C. §30104 et seq. and the General Maritime Law.

II.

Made Defendant herein is the following corporation:

A. PBC MANAGEMENT, INC. [hereinafter "PBC"], a foreign corporation organized and existing under the laws of the State of Florida, but who can be found for Jones Act venue purposes within this judicial district. Said corporation has designated Dennis Pasentine, 2360 Fifth Street, Mandeville, LA 70471 as its agent for service of process, and has further designated that address as its principal business establishment within the State of Louisiana.

III.

Said Defendant is engaged in a systematic and regular course of business within this district and within the jurisdiction of this Honorable Court.

IV.

At all material times, Defendant, PBC, engaged crew services and supplied crew members to work aboard a fleet of vessels, including the M/V GRACE NICOLE, on the inland rivers of the United States and within the State of Louisiana and the Gulf of Mexico.

V.

The M/V GRACE NICOLE and/or PBC were at all material times engaged in maritime activities within the territorial waters of the State of Louisiana, and within this Judicial District.

VI.

MICHAEL SMITH was at all material times an employee of PBC and/or Florida Marine Transporters, Inc. and more or less permanently assigned by them to work as a member of the

crew aboard the M/V GRACE NICOLE, and the work which Plaintiff performed aboard said vessel and other vessels owned and controlled by Florida Marine Transporters, Inc. and crewed by PBC was in furtherance of the mission of the vessels.

VII.

On 13 May 2009, Defendant's vessel on which Plaintiff, MICHAEL SMITH, served as a crew member was in Galveston Bay near Morgan's Point. In order to accomplish a crew change, the captain of the M/V GRACE NICOLE lowered a small skiff into the water during rough seas with the expectation that crew members would climb over the vessel's side and into the small skiff on the windward side of the vessel.

VIII.

The only aid that was provided to MICHAEL SMITH to make the transfer from the M/V GRACE NICOLE to the small skiff was a chain fall. Although an inappropriate device for such a transfer, plaintiff attempted to use the provided chain which was wetted by the rough weather, slipped, and fell to the bottom of the skiff, thereby suffering a significant injury to his right knee.

IX.

At all material times, the officers, crew, and master of the aforesaid M/V GRACE NICOLE were in the employment of PBC and/or Florida Marine, or under the direction and control of PBC and/or Florida Marine.

X.

The said vessel, its appurtenances and appliances, were owned by Florida Marine Transporters, Inc., but under the control of the crew provided by PBC to man and operate the said vessel.

XI.

Because of the negligence of PBC in failing to provide a safe place in which to work, MICHAEL SMITH was injured.

XII.

The accident in question and resulting damages to MICHAEL SMITH were the result of carelessness, recklessness, and negligence of Defendant, PBC, its agents and employees, in the following non-exclusive particulars:

    a.    Failure to provide Plaintiff with safe and efficient means of egress from the M/V GRACE NICOLE;

    b.    Failure to provide Plaintiff with a sufficient and competent and adequate crew;

    c.    Failure to provide Plaintiff with a safe place in which to work;

    d.    Failure to provide Plaintiff with a seaworthy vessel and appliances;

    e.    Failure to properly navigate the M/V GRACE NICOLE for debarking operations; and

    f.    Such further and other acts of neglect, fault, omission, or commission to be proven at the trial of this cause.

XIII.

Upon information and belief, the said accident and injuries to MICHAEL SMITH were not caused or contributed to by any fault or want of care on the part of the Plaintiff.

XIV.

As a result of the accident and injuries sustained, and despite attempts at performing his normal seaman's duties, Plaintiff has been unable to return to his normal employment and is therefore entitled to maintenance and cure from the date of injury until the point of maximum medical improvement in such sums equal to the actual cost of medical care and the approximate cost of maintaining Plaintiff with adequate room and board.

XV.

Defendant, PBC, has been afforded the opportunity to assess Plaintiff's medical condition, afforded an opportunity to provide maintenance and cure, and has voluntarily chosen to ignore medical evidence of causation and continuing medical necessity. As such, the actions of PBC are intentional, arbitrary, and/or malicious, thereby entitling Plaintiff to such additional compensatory and punitive damages as the trier of fact may deem warranted under the circumstances.

XVI.

Plaintiff, MICHAEL SMITH, itemizes the damages suffered by him as a result of this accident, as follows:

| | | |
|---|---|---|
| 1. | Physical and mental pain and suffering | $500,000.00 |
| 2. | Past and Future Loss of Income and Loss of Earning Capacity | $1,500,000.00 |
| 3. | Past and Future Medical Expenses | $250,000.00 |
| 4. | Compensatory and exemplary damages related to refusal to provide maintenance & cure | $200,000.00 |
| | TOTAL | $2,450,000.00 |

XVII.

Plaintiff specifically pleads the doctrines of strict and/or absolute liability herein against Defendant, PBC, as a result of the unseaworthiness of the M/V GRACE NICOLE, her appurtenances, equipment, and crew.

XVIII.

Plaintiff asserts these separate causes of action against PBC for negligence, unseaworthiness, and maintenance and cure, based upon the contention of Florida Marine Transporters, Inc. in C.A. No. 2:10-cv-00889 that MICHAEL SMITH was actually employed by and under the control of PBC and not Florida Marine Transporters, Inc.

XIX.

As a Jones Act seaman, Plaintiff beings this action on the law side of the Court without a jury.

WHEREFORE, Plaintiff, MICHAEL SMITH, prays for judgment against Defendant, PBC MANAGEMENT, INC., as follows:

1. In favor of Plaintiff, MICHAEL SMITH, such general and special damages in such amounts as prayed for above;

2. For legal interest on all of the amounts prayed for above, from date of injury until paid;

3. For maintenance and cure benefits until the point of maximum medical improvement;

4. For penalties, attorneys fees, and punitive damages for failure to provide maintenance and cure benefits;

5. For all general and equitable relief as the circumstances may warrant; and

6. For all taxable costs herein.

Respectfully Submitted:

MICHAEL J. MESTAYER
A Professional Law Corporation
1100 Poydras Street, Suite 2785
New Orleans, LA 70163
Telephone: (504) 522-7360
Facsimile: (504) 522-7356

_____
MICHAEL J. MESTAYER (LA Bar No. 09461)
mmestayer@mmestayerlegal.com
Attorney for Plaintiff, MICHAEL SMITH

**PLEASE SERVE:**

**PBC MANAGEMENT, INC.**
through its registered agent for service of process:

Dennis Pasentine
2360 Fifth Street
Mandeville, LA 70471